EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FAYETTE COUNTY, GEORGIA

**2025V-0762**
RHONDA B KREUZIGER
AUG 14, 2025 02:35 PM

Sheila Studdard, Clerk
Fayette County, Georgia

IN THE SUPERIOR COURT OF FAYETTE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CHEREE NEWSON-PACE, ALTON R. MATTHEWS, and CHARLIE WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>HITT CONTRACTING INC., SAVI EHS, BRIGADA CO., and CERTIFIED SAFETY EXPERTS,<br><br>Defendants. | Civil Action File No. 2025V-0762 |

**DEFENDANT BRIGADA LLC f/k/a BRIGADA CO.'S MOTION
(1) FOR PARTIAL MORE DEFINITE STATEMENT; AND
(2) TO PARTIALLY DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Brigada LLC f/k/a Brigada Co. ("Brigada") shows as follows:

**1.    Pursuant to O.C.G.A. § 9-11-12(e), the Court should require Plaintiffs to replead Count I (defamation).**

In Count I, Plaintiffs allege "Defendants" made "defamatory" statements about them. Plaintiffs, however, make no attempt to allege which Defendant said what. This is a classic shotgun pleading, and a more definitive statement is the appropriate remedy.[1] Accordingly, Brigada requests the Court require Plaintiffs to replead Count I to specifically allege: (i) which Defendant(s); (ii) said exactly what; (iii) to whom. Brigada is entitled to know this basic factual information and cannot adequately answer the allegations in Count I without it.

---

[1] *See Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 90-93 (2011).

**2.     Pursuant to O.C.G.A. § 9-11-12(b)(6),[2] the Court should dismiss Counts II through Count VII for failure to state a claim upon which relief can be granted.**

**a.     Count III (retaliation for protected activity):** As legal authority for this claim, Plaintiffs cite 29 U.S.C. § 660(c) and O.C.G.A. § 34-9-81.1.  But 29 U.S.C. § 660(c) does not create a private right of action.[3]  And O.C.G.A. § 34-9-81.1 authorizes the State Board of Workers' Compensation (the "Board") to promulgate rules requiring employers to post a summary of employee rights, *etc.* under Georgia's Workers' Compensation Law, which is wholly irrelevant because Plaintiffs do not allege Brigada failed to comply with same.  Further, claims under the Workers' Compensation law are limited to those arising from injury or death, and are to be filed with the Board, not the Superior Court.[4]  For these reasons, Count III does not state a claim upon which relief can be granted.

**b.     Count IV (tortious interference with employment):** As legal authority for this claim, Plaintiffs cite O.C.G.A. § 51-7-60.  But this statute deals with the circumstances under which the owner or operator of a retail establishment may be held liable for false arrest or false imprisonment.  In the Complaint, Plaintiffs do not allege Brigada is the owner or operator of a

---

[2] Pursuant to the amendments to O.C.G.A. § 9-11-12 effective April 21, 2025, no Answer is due, and discovery is stayed, unless and until the Court denies this motion.

[3] *See, e.g.*, *Johnson v. Interstate Mgmt. Co.*, 849 F.3d 1093, 1095 (D.C. Cir. 2017) ("Although Section 11(c) affords the Secretary of Labor a cause of action, the text of Section 11(c) does not *expressly* grant employees a private cause of action for retaliation claims.  Therefore, the question is whether a private cause of action is *implied* by the statute.  The answer is no"); *Jelenic v. Campbell Plastics*, 159 F.3d 1347 (2d Cir. 1998) ("OSHA does not provide a private right of action"); *George v. Aztec Rental Ctr. Inc*., 763 F.2d 184, 187 (5th Cir. 1985) ("[T]he district court having correctly dismissed the suit on the ground that the plaintiff had no private cause of action under federal law for his employer's retaliatory discharge in violation of section 11(c)(1), the judgment below is affirmed").

[4] *See* O.C.G.A. § 34-9-100(a).

retail establishment and do not allege they were falsely arrested or imprisoned. And, generally, an at-will employee may be terminated for any reason, the employee may not recover from the employer in tort for wrongful discharge, and judicially created exceptions to the Legislature's at-will employment doctrine are disfavored.[5] For these reasons, Count IV does not state a claim upon which relief can be granted.

        **c.**    **Count V (blacklisting):** As legal authority for this claim, Plaintiffs cite O.C.G.A. § 34-1-3. But this statute says an employer may not discharge or discipline an employee who misses work to attend a judicial proceeding. But Plaintiffs do not allege their employment was terminated because they were responding to a subpoena, a summons for jury duty, or the like. Accordingly, Count V does not state a claim upon which relief can be granted.

        **d.**    **Count VI (hostile work environment/mobbing):** As legal authority for this claim, Plaintiffs cite "common law" and "public policy." This Court is not empowered to invent new claims for relief,[6] and Count VI does not state a claim upon which relief can be granted.

        **e.**    **Count VII (retaliation under Title VII of the 1964 Civil Rights Act):** Administrative exhaustion is a condition precedent to Title VII claims.[7] A trial court properly dismisses a Title VII retaliation claim where the plaintiff does not submit a right to sue letter from

---

[5] *See Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279, 279-80 (2000).

[6] A statutory hostile work environment claim exists under Title VII of the 1964 Civil Rights Act, but, even assuming this is what Plaintiffs are pleading, such a claim would fail for the same reasons as Count VII—*i.e.*, the absence of any allegations that Plaintiffs filed a claim with the Equal Employment Opportunity Commission ("EEOC") or that the EEOC issued the Plaintiffs a right to sue letter. *See, e.g.*, 42 U.S.C. § 2000e-16(c); *Whitby v. Secretary for Dep't of Homeland Sec.*, 480 Fed. Appx. 960, 963 (11th Cir. 2012) ("In order to bring a Title VII claim, a plaintiff must exhaust his administrative remedies").

[7] *See supra* n. 5.

the EEOC with the Complaint.[8]  Accordingly, Count VII does not state a claim upon which relief can be granted.

Dated: August 14, 2025.

/s/ William Daniel Davis
William Daniel Davis
Georgia Bar No. 746811

ICHTER DAVIS LLC
400 Interstate N. Parkway SE
Suite 860
Atlanta, Georgia 30339
404.869.5261
ddavis@ichterdavis.com

*Attorneys for Defendant Brigada LLC*

---

[8] *See Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d. 6, 13-14 (D.D.C. 20008).

**CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused the foregoing to be emailed as a .pdf file with the subject line STATUTORY ELECTRONIC SERVICE to chereenpace@gmail.com, armgeneralservicesllc@gmail.com, and cwglobalconsulting@aol.com.

Dated: August 14, 2025.

*/s/ William Daniel Davis*
William Daniel Davis
