📧 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FAYETTE COUNTY, GEORGIA

**2025V-0762**
**RHONDA B KREUZIGER**
AUG 26, 2025 11:48 AM

Sheila Studdard, Clerk
Fayette County, Georgia

IN THE SUPERIOR COURT OF FAYETTE COUNTY

STATE OF GEORGIA

---

**CHEREE NEWSON-PACE,**
**ALTON R. MATTHEWS,**
**CHARLIE WILLIAMS,**
*Plaintiffs,*

v.

**HITT CONTRACTING, INC.,**
**SAVI EHS,**
**BRIGADA CO.,** and
**CONSTRUCTION SAFETY EXPERTS,** *Defendants.*

Civil Action File No.
2025V-0762

---

**PLAINTIFFS' RESPONSE TO BRIGADA CO.'S MOTION TO DISMISS**

**AND JOINT MOTION FOR LEAVE TO AMEND COMPLAINT**

COME NOW Plaintiffs, pro se, and respectfully respond to Defendant Brigada Co.'s Motion to Dismiss and jointly move this Honorable Court, pursuant to **O.C.G.A. § 9-11-15(a)**, for leave to amend their Complaint. In support, Plaintiffs show the Court the following:

---

1. Purpose of Amendment

   1. Plaintiffs seek leave to amend the Complaint to add claims for fraud and negligent misrepresentation arising from Defendants' knowing falsification of safety qualifications, alteration of résumés, and disregard for their own published safety standards, including the HITT Code of Conduct, Site-Specific Safety Plan (SSSP), and Rules to Live By.

   2. Plaintiffs further seek to clarify and expand their factual allegations to reflect Defendants' repeated failures to provide a safe workplace, in violation of:

      - O.C.G.A. § 51-6-2 — Fraud

- O.C.G.A. § 51-1-2 — Negligent Misrepresentation
- O.C.G.A. § 34-1-5 — Blacklisting

These clarifications are necessary to rebut Defendant Brigada's Motion to Dismiss and to ensure the amended complaint reflects the true basis of Plaintiffs' termination.

2. Defendants' Retaliatory Termination

Contrary to Brigada's assertions, Plaintiffs were terminated not for misconduct, but because they reported multiple unsafe conditions in good faith, including:

- Unqualified safety personnel placed in high-risk positions.
- Hot work, suspended loads, and elevated activities conducted without required permits.
- Traffic control managed by untrained personnel, resulting in near-miss incidents.
- Falsified résumés admitted by Brigada's own staff to meet contractual qualifications.

Rather than addressing these hazards, Brigada removed Plaintiffs without warning, write-up, retraining, or investigation, in direct violation of the SSSP Section 15.4 Zero Tolerance Disciplinary Policy.

3. Violations of SSSP Section 15.4 — Zero Tolerance Policy

Section 15.4 of the SSSP expressly provides:

"UNSAFE ACTS SHALL RESULT IN IMMEDIATE CORRECTIVE COUNSELING, WRITTEN DOCUMENTATION, RETRAINING, AND REMOVAL FROM THE PROJECT IF REPEATED."

Despite this mandate:

- None of the Plaintiffs were ever warned, counseled, retrained, or written up for any alleged misconduct.
- Defendants bypassed their own disciplinary process and terminated Plaintiffs outright.

This demonstrates that Defendants' stated reasons for termination are pretextual and that the actual motive was retaliation for reporting unsafe conditions.

4. Breaches of HITT's Code of Conduct

HITT's published Code of Conduct mandates that all subcontractors and employees:

- "Always take the high road."
- Uphold integrity and transparency in workplace decisions.
- Ensure safety obligations are met and reported hazards are addressed.

Defendants failed to honor these principles and instead:

- Ignored reported hazards.
- Retaliated against Plaintiffs for exercising their rights under Georgia law.
- Misrepresented Plaintiffs' performance and qualifications to prospective employers, amounting to blacklisting under O.C.G.A. § 34-1-5.

5. Exhibit Integration

- Exhibit A — Amended factual allegations detailing Alton Matthews' observations and supporting evidence.
- Exhibit B — Detailed violations of the SSSP, Rules to Live By, and Code of Conduct.
- Exhibit C — Evidence of falsification, retaliation, and blacklisting.

These exhibits collectively establish that Brigada's Motion to Dismiss lacks merit.

6. Claims Under Georgia Law

Plaintiffs assert claims exclusively under Georgia statutes:

- O.C.G.A. § 51-6-2 — Fraudulent misrepresentation.
- O.C.G.A. § 51-1-2 — Negligent misrepresentation.
- O.C.G.A. § 16-10-20 — Falsification of records and credentials.
- O.C.G.A. § 34-7-22 — Retaliation for reporting safety violations.
- O.C.G.A. § 34-1-5 — Blacklisting and reputational harm.

7. Legal Authority

Under O.C.G.A. § 9-11-15(a), amendments to pleadings "shall be freely given when justice so requires." Justice requires amendment here because:

- Defendants' conduct created foreseeable risks of injury and death.
- Plaintiffs were terminated without the warnings or corrective actions mandated by SSSP Section 15.4.
- On June 29, 2025, a worker died on the project, confirming Plaintiffs' safety concerns were valid and urgent.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

1. Deny Defendant Brigada Co.'s Motion to Dismiss;
2. Grant Plaintiffs leave to file the Amended Complaint incorporating the allegations and supporting evidence set forth herein and in the attached Exhibits; and
3. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 25 day of August, 2025.

/s/ Alton R. Matthews
Pro Se Plaintiff

/s/ Cheree Newson Pace
Pro Se Plaintiff

/s/ Charlie Williams
Pro Se Plaintiff

Attachments

- Exhibit A — Amended Factual Allegations
- Exhibit B — Violations of SSSP, Rules to Live By, and HITT Code of Conduct